[S. F. No. 486.    Department Two.—December 7, 1896.]

## J. W. McNEIL, ASSIGNEE, ETC., APPELLANT, v. E. H. HANSEN, RESPONDENT.

INSOLVENCY—PRIOR TRANSFER FOR BENEFIT OF CREDITORS—ACTION BY ASSIGNEE—NONSUIT.—In an action by an assignee in insolvency to recover property transferred by the insolvent debtor nearly eight months prior to the commencement of proceedings in insolvency, where the evidence showed that, at the time of the transfer, the debtor did not consider himself insolvent, and that the transferee did not know that he was insolvent, and that the transfer was not made in the intent to hinder, delay, defraud, or prefer creditors, but was made at the request of the creditors to a trustee selected by them, and that most of the property was sold by such trustee and the proceeds paid to the creditors, though not ratably, it appearing that some of the creditors had liens on part of the property, and were legally preferred creditors, and it not appearing that any of the unpaid creditors had objected that the proceeds were not distributed *pro rata*, or indicated that they were unwilling to wait until the remainder of the property should be sold and distributed, a nonsuit of the plaintiff is properly granted.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*John J. Coffey,* for Appellant.

Wherever the answer fails to deny any of the material allegations of the complaint, in such a form as to put in issue the same, plaintiff is entitled to judgment on the pleadings. (*Greiss* v. *State Investment etc. Co.,* 98 Cal. 241; *Loveland* v. *Garner,* 74 Cal. 298; *Gardner* v. *Donnelly,* 86 Cal. 367; *San Francisco* v. *Staude,* 92 Cal. 560; *Oregon Ry. Co.* v. *Oregon Ry. & Nav. Co.,* 22 Fed.

Rep. 245; *Stacy* v. *Bennett*, 59 Wis. 234.) The denials of defendant being literal and evasive, the motion for judgment on the pleadings should have been granted. (*Leffingwell* v. *Griffing*, 31 Cal. 231; *Felch* v. *Beaudry*, 40 Cal. 439; *Fitzgibbon* v. *Calvert*, 39 Cal. 261; *Marsters* v. *Lash*, 61 Cal. 622.) The testimony clearly established all the allegations of the complaint, and therefore the nonsuit was improperly granted. (*De Ro* v. *Cordes*, 4 Cal. 117; *McKee* v. *Greene*, 31 Cal. 418; *Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 164; *Robinett* v. *McDonald*, 65 Cal. 611; *Wells* v. *Snow* (Cal., Sept. 20, 1895), 41 Pac. Rep. 858.) The assignee has the right to sue. (*Brown* v. *Bank*, 77 Cal. 544; *Glenny* v. *Langdon*, 98 U. S. 20; *Trimble* v. *Woodhead*, 102 U. S. 647; *Moyer* v. *Dewey*, 103 U. S. 301.) The conveyance from White to Hansen operated as an assignment. (*Preston* v. *Spaulding*, 120 Ill. 208; *Freud* v. *Yaegerman*, 26 Fed. Rep. 812; *White* v. *Cotzhausen*, 129 U. S. 329; Civ. Code, secs. 3449, 3450; *Miners' Nat. Bank's Appeal*, 57 Pa. St. 193; *Winner* v. *Hoyt*, 66 Wis. 227; 57 Am. Rep. 257; *Wilks* v. *Walker*, 22 S. C. 108; 53 Am. Rep. 706; *Clapp* v. *Nordmeyer*, 25 Fed. Rep. 71; *Kullman* v. *Greenebaum*, 92 Cal. 403; 27 Am. St. Rep. 150; *Martin* v. *Hausman*, 14 Fed. Rep. 160; *Kellog* v. *Richardson*, 19 Fed. Rep. 70; *Kerbs* v. *Ewing*, 22 Fed. Rep. 693.)

*William H. Jordan*, for Respondent.

McFARLAND, J.—After plaintiff had introduced his evidence and rested, the court granted a nonsuit and rendered judgment for defendant. Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

We see no reason for disturbing the judgment. C. G. White filed his petition in insolvency on October 3, 1891, and in December following appellant was appointed his assignee. This action was commenced in February, 1893, to cancel and set aside certain sales of personal property and certain conveyances of real property made by said White to respondent on February 17,

1891—nearly eight months before the filing of the said petition in insolvency, and two years before the commencement of this action—and to account for and pay to appellant all moneys which he had received from sales of part of the property which he had received from White—which moneys he had paid to White's creditors. Respondent contends that the complaint does not state facts sufficient to constitute a cause of action; and the contention is, no doubt, difficult to answer. There are uncertainties and inconsistencies in the complaint; there is no showing in it that any of the creditors of White are complaining of the transfers and conveyances by him to respondent; it does not show, with certainty, what part of the described property was actually transferred to respondent, and what was retained by White; and its averments as to the consideration of the transfers are inconsistent. Respondent also contends that under section 55 of the insolvent law an action like the one at bar cannot be maintained by an assignee unless the alleged transfer was made within one month before the filing of the petition in insolvency. We mention these points because they are raised by respondent, and are important; but we do not deem it necessary to pass upon the sufficiency of the complaint. We will assume that the complaint states with sufficient certainty that on February 17, 1891, White was actually insolvent, and that Hansen knew it; that on said day he, by written instruments, transferred and conveyed to respondent Hansen certain described personal and real property, which included all his property; that these instruments were, in form, absolute, and in no way purported to be assignments for the benefit of creditors; that they were made, however, upon the consideration and with an oral understanding that respondent was to make sales of the property on as favorable terms as practicable, and from the proceeds of such sales pay White's creditors, *pro rata*, in equal proportionate amounts to each; that respondent did sell some of said property, and paid the proceeds to White's creditors;

that he did not pay the same ratably, but paid to some of the creditors more proportionally than to others, and that a few of the creditors had not yet received anything; and that some of the property transferred to respondent is still in the latter's hands unsold. The gist of the cause of action alleged, conceding that any cause of action is alleged, is that respondent wrongfully violated the alleged agreement with White by paying more to some of the creditors than to others, thus making the former preferred creditors.

The only witness introduced at the trial by appellant was White; and the court below was entirely right in holding that his testimony failed to establish any of the material facts relied on for a recovery. His testimony showed that, at the time of said transfers and conveyances, he did not consider himself insolvent, and that Hansen did not know that he was insolvent. It shows that the transfers and conveyances were not made with intent to hinder, delay, defraud, or prefer creditors. It appears from his testimony that, although he considered his assets greater than his liabilities (and that fact appeared from the statements which he then made), still he owed some debts which he could not then readily pay; and, being desirous of engaging in a certain business, he wanted to be free from the pressure of said debts. Under these circumstances, he had interviews with his creditors—or at least with nearly all of them—who consented to relieve him if he would transfer his property to the respondent Hansen, whom they selected for that purpose, who was to sell the property, and apply the proceeds to the debts. This was done; and Hansen sold a considerable part of the property at fair prices, to which White consented, and paid the proceeds to creditors. There is no contention that Hansen did not make good sales; indeed, the sales were negotiated by White himself. As to the only objection now urged to the transaction, viz., that Hansen did not pay the moneys received from the different sales ratably among all the creditors, the evidence does not show that Han-

sen agreed to pay all the debts *pro rata,* or to distribute the proceeds of each sale, as it should be made, equally among all the creditors in proportion to the amounts owing them. Indeed, it appears, incidentally, that some of the creditors had liens on certain property, and were thus legally preferred creditors; and we have not been able to discover from the testimony that any one of the few creditors who have not yet received anything from the sales has complained, or is not willing to wait until the remaining part of the property shall have been sold.

We see no material error committed by the court in any ruling made at the trial.

As appellant has put his contentions under three headings, namely: 1. That the court should have granted his motion for a judgment on the pleadings; 2. That the motion for a nonsuit should have been denied; and 3. That a new trial should have been granted; it is sufficient to say that, in our opinion, each of said contentions is without substantial merit.

The judgment and order appealed from are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.